## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **BRANTLEY LAND & TIMBER COMPANY, LLC,** | § | **Case No. 15-20584-JSD** |
| | § | |
| **Debtor.** | § | |

## APPLICATION TO RETAIN COUNSEL

1.

On July 16, 2015, Brantley Land & Timber Company, LLC, filed a Chapter 11 petition with this Court.

2.

Debtor wishes to employ McCallar Law Firm, attorneys duly qualified to practice in this Court as counsel in this Chapter 11 case.

3.

Debtor has selected these attorneys based on their experience in Chapter 11 matters and/or experience with the type of litigation likely to evolve in this Chapter 11 case.

4.

The professional services which these attorneys are to render are the general representation of Debtor in this case and the performance of all legal services for Debtor which may be necessary in connection with his case.

5.

Debtor wishes to employ these attorneys on an hourly basis at a rate of $400.00 per hour for C. James McCallar, Jr., $290.00 per hour for Tiffany E. Caron and $200.00 per hour for L. Rachel Wilson.

6.

To the best of Debtor's knowledge, these attorneys have no interest adverse to the Debtor or its estate and their employment would be in the best interest of the estate.

7.

Affidavits in Support of this Application to Employ are attached hereto and incorporated herein. The Affidavits set forth the detailed fee agreement and disclosure of conflicts and connections required by Bankruptcy Rule 2014.

Therefore, Debtor asks that it be authorized to employ the law firm of McCallar Law Firm as its attorneys.

This 16th day of July, 2015.

Respectfully submitted,

By:  /s/ C. James McCallar, Jr.
C. James McCallar, Jr.
Georgia Bar Number 481400
Tiffany E. Caron
Georgia Bar Number 745089

McCallar Law Firm
P. O. Box 9026
Savannah, GA 31412
(912) 234-1215

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **BRANTLEY LAND & TIMBER COMPANY, LLC,** | § | **Case No. 15-20584-JSD** |
| | § | |
| Debtor. | § | |

## AFFIDAVIT OF ATTORNEY
## PURSUANT TO 11 U.S.C. § 327 AND BANKRUPTCY RULES 2014

Before the undersigned Notary Public came and appeared C. James McCallar, Jr. who under oath, deposes and says as follows:

This Affidavit is filed to pursuant to Bankruptcy Rule 2014(a) – a verified statement of the person to be employed setting forth the person's "connections" with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.   This statement is made to the best of the Affiant's knowledge, information and belief, and formed after an inquiry reasonable under the circumstances.

1. The undersigned is an attorney and counselor at law duly admitted to practice before all courts of the State of Georgia (June 5, 1072),  the Court of Appeals of Georgia and the Supreme Court of Georgia  (September 14, 1972);  the United States District Courts for the Southern (June 16, 1972), Middle (August 3, 1987) and Northern Districts of Georgia (July 11, 1988); the United States Courts of Appeal for the Third (August 6, 2004), Fifth (October 1, 1981) and Eleventh (October 1, 1981) Circuits and the United States Supreme Court. (January 17, 1977).

2. The undersigned practices law in Savannah, Georgia, at 115 West Oglethorpe Avenue.

<u>QUALIFICATION OF PROFESSIONALS</u>

3.  Prior to representing Brantley Land & Timber Company, LLC ("Debtor") on matters in contemplation of the filing of this bankruptcy action, the undersigned **did not** perform legal services for Debtor.  Connections[1], to the best of the knowledge of undersigned, with the following persons, parties or entities:

   a.  The Debtor:  None

   b.  Receiver:  The Receiver, Jerry Harper, is and was the CPA for a former client, Antonio Moran, Jr., Case No. 12-20685-JSD (S.D.Ga.) whose Chapter 7 bankruptcy case was filed by McCallar Law Firm in 2012, and who has received a discharge.

   c.  Creditors of the Estate:  None.

   d.  Known or anticipated post-petition creditors of the estate:  None.

   e.  Equity Security Holders of the Debtor or of Affiliates of the Debtor:  None.

   f.  Officers and Directors of the Debtor:  None.

   g.  Parties that are insiders of the Debtor or that were insiders of the Debtor within 2 years before the date of the filing of the petition:  None.

   h.  Any investment banker for any outstanding security of the Debtor:  None.

   i.  The United States trustee: The undersigned is President of Coastal Bankruptcy Law Institute, a non-profit company, which conducts annual seminars for

---

[1] For purposes of this Disclosure, unless otherwise defined by the court, the term "Connections" shall mean: any connection with a person or entity listed in this section that:  (A) on or within two years of the filing of the petition, generated a material amount of income and/or transfers; (B) involved or was related to property of the estate with a material value; (C) involved a material business venture with the person or entity; or (D) involved working for the person or entity as a professional and generating a material amount of fees in the two years prior to the filing of the petition; (2) any connection with the court to which the employment application is being submitted; (3) any connection with the United States Trustee or any person employed in the Office of the United States Trustee; or (4) any other connection constituting a personal, professional, or business relationship that could reasonably be determined to be significant in its evaluation of whether a professional is qualified to be employed.

4

bankruptcy attorneys. The United States Trustee's Office for Region 21 and bankruptcy judges from the Southern, Middle and Northern Districts of Georgia, generally appear and participate in the seminar. Regular contact is and has been had with Matthew Mills and Joel Paschke of the Savannah office through and in the course of regular interaction in bankruptcy cases filed in this district.

j.  Customers of the Debtor or vendors to the Debtor whose transactions with the debtor as of the petition date constitute a material portion of the debtor's business: None.

k.  Parties to executory contracts and unexpired leases: None.

l.  Utility service providers: None.

m.  Governmental units and officials and employees thereof: None.

n.  Members of any committee appointed under 11 U.S.C § 1102 or otherwise subject to disclosure under Rule 2019: None.

o.  Any identified potential asset purchasers: None.

p.  Any professional employed by any of the above persons, parties or entities: None.

4.  The undersigned is eligible for employment in this case. To the best of his knowledge, C. James McCallar, Jr. does not hold or represent an interest materially adverse to the estate, and is a disinterested person under 11 U.S.C. §327(a); *i.e.* he/she is not a creditor, an equity security holder, nor an insider; nor is he/she, nor has he/she been, a director, officer or an employee of the Debtor within two years of the filing of the petition. See 11 U.S.C. §101(14). It is noted however that disinterestedness and material adversity is a question reserved to the United States Bankruptcy Court and not to affiant.

5

5. Conflicts were checked prior to filing this case and affiant makes conflicts checks as a matter of course from initial interview through conclusion of the case and does not charge for this service.   Affiant performed a search of the Debtor's name and the names of its creditors and other parties in interest throughout its electronic databases which include all computer files and billing records going back for more than ten (10) years and all "connections" discovered from this search are specifically listed in this Affidavit.

6. The affiant has not agreed to share any compensation with any person or entity who or which is not also employed as counsel in this case or is authorized to be employed under Bankruptcy Rule 2014(b).

7. Brantley Land & Timber Company, LLC filed a Chapter 11 Bankruptcy Case on July 16, 2015, bearing Case No. 15-20584-JSD, pending in the Southern District of Georgia, Brunswick Division.

8. The Brantley Land & Timber Company, LLC case was filed to facilitate an orderly administration and/or liquidation of the Debtor's assets.

SERVICES TO BE RENDERED

9. Pursuant to an Engagement Agreement, the Debtor has requested that McCallar Law Firm render the following services in connection with the case:

    a. advise the Debtor on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

    b. prepare such administrative and procedural applications and motions as may be required for the sound conduct of the case;

    c. prosecute and defend litigation that may arise during the course of the case;

    d. consult with the Debtor concerning and participate in the formulation,

6

negotiation, preparation and filing of a plan or plans of reorganization and disclosure statement(s) to accompany the plans);

   e.  review and object to claims;

   f.  analyze, recommend, prepare and bring any causes of action created under the Bankruptcy Code;

   g.  take all steps necessary and appropriate to bring the case to a conclusion; and

   h.  perform the full range of services normally associated with matters such as this which the Firm is in a position to provide.

10. Affiant is not related, and to the best of his knowledge, no attorney at the firm is related, to any United States District Judge or United States Bankruptcy Judge in the Southern District of Georgia or to the United States Trustee for such district or any employee in the office thereof.

11. Subject to this Court's approval of the Application, McCallar Law Firm is willing to serve as the Debtor's counsel and to perform the services described above.

DISINTERESTEDNESS OF AFFIANT

12. The proposed attorneys do not believe that any of the above circumstances arise to a conflict of interest, actual, perceived or otherwise, and they believe that they have no interest adverse to Brantley Land & Timber Company, LLC or its estate and that their employment would be in the best interest of the Debtor's estate.

13. The undersigned and his/her firm do not hold or represent an interest adverse to the interest of the Debtor's estate or the Debtor in Possession in the matters upon which he/she is engaged and is to be engaged and believes him/herself to be a disinterested person entitled to represent the Debtor/Debtor in Possession pursuant to 11 U.S.C. §327 and that further there is no actual conflict of interest.

14. To the best of the belief of the undersigned, the undersigned's "connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee", have been disclosed in this affidavit.

15. To the extent that "connections" not now known become known to Affiant, Affiant will make a best effort to get these "connections" disclosed by further amendment and reserve the right to file such amendments after the filing of the initial Application and Affidavit.

16. To the extent that Affiant has represented, represents or in the future will represent certain creditors of the Debtor and other parties-in-interest in matters unrelated to the Debtor, Debtor's reorganization case or such entity's claims against or interests in the Debtor, Affiant's representation of the said entities will not affect the firm's representation of the Debtor in this case. Affiant does not presently represent the above entities in any matters adverse and/or related to the Debtor.

17. During the pendency of the chapter 11 case, McCallar Law Firm will not represent present or future clients of the firm on matters adverse to the Debtor in this Chapter 11 case.

18. In view of the foregoing, Affiant asserts that he is a "disinterested person" and that McCallar Law Firm is a "disinterested person" within the meaning of section 101 (14) of the Bankruptcy Code.

<u>PROFESSIONAL COMPENSATION</u>

19. The Engagement Agreement provided for a retainer of $138,130.16 (including the Chapter 11 filing fee of $1,717.00) for professional services rendered and to be rendered and charges and disbursements to McCallar Law Firm on behalf of the Debtor in connection with those services described in the Engagement Agreement plus a reserve of

$25,000.00 to cover expenses related to the administration of this case.

20. Prior to the filing of this case, Affiant received payment of a retainer in the amount of $138,130.16 (including the Chapter 11 filing fee of $1,717.00), plus a reserve of $25,000.00 to cover expenses. This retainer payment was paid by Brantley Land & Timber Company, LLC through its state court appointed Receiver, Jerry W. Harper. Prior to the filing of this case, McCallar Law Firm was paid $45,794.81 during the year prior to filing from the retainer set forth above for work performed in preparation for this bankruptcy filing. $92,365.35 plus the $25,000 expense reserve remains on hand and is being held in Affiant's IOLTA account to apply to future invoices, as and when approved by the Court. Affiant **has not** taken any security for payment of attorney fees or expenses other than the cash payment itself.

21. Pursuant to the Engagement Agreement, Affiant shall provide the Debtor with periodic statements for services rendered and charges and disbursements incurred. During the course of the reorganization case, the issuance of periodic statements shall constitute a request for an interim payment against the reasonable fee to be determined by the Court.

22. For professional services, Affiant's fees are based in part on its hourly rates which are periodically adjusted. Affiant will be providing professional services to the Debtor under its rate schedule. As of January 1, 2015, the hourly rates range from $250.00 per hour to $375.00 per hour for Tiffany E. Caron, $350.00 per hour to $450.00 per hour for C. James McCallar, Jr., $200.00 per hour for L. Rachel Wilson, and $50.00 to $125.00 per hour for legal assistants, paralegals and support staff. The hourly rates set forth above are subject to periodic increases in the normal course of the firm's business, often due to the increased experience of a particular professional.

23. McCallar Law Firm intends to apply to the Court for allowance of compensation for

professional services rendered and reimbursement of charges and disbursements incurred in the chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court.

24. McCallar Law Firm will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

25. McCallar Law Firm has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

26. Other than as set forth above, no arrangement is proposed between the Debtor and McCallar Law Firm for compensation to be paid in this case.

This _16th day of _July, 2015.

C. James McCallar, Jr.
Georgia Bar Number 481400

Sworn to and subscribed before me
this 16th day of July, 2015.

Notary Public

JENNIFER C. REYNOLDS
Notary Public, Chatham County GA
My Commission Expires Feb. 28, 2017

10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **BRANTLEY LAND & TIMBER COMPANY, LLC,** | § | **Case No. 15-20584-JSD** |
| | § | |
| Debtor. | § | |

### AFFIDAVIT OF ATTORNEY
### PURSUANT TO 11 U.S.C. § 327 AND BANKRUPTCY RULES 2014

Before the undersigned Notary Public came and appeared Tiffany E. Caron, who under oath, deposes and says as follows:

This Affidavit is filed to pursuant to Bankruptcy Rule 2014(a) – a verified statement of the person to be employed setting forth the person's "connections" with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.   This statement is made to the best of the affiant's knowledge, information and belief, and formed after an inquiry reasonable under the circumstances.

1. The undersigned is an attorney and counselor at law duly admitted to practice before all courts of the States of Georgia and Ohio, the United States District Courts for the Southern District of Georgia and Eastern District of Tennessee;

2. The undersigned practices law in Savannah, Georgia, at 115 West Oglethorpe Avenue and has been licensed to practice in Ohio since November, 2006 and in Georgia since June, 2009;

3. The undersigned was formerly employed by the Department of Justice in the U.S. Trustee's Office in Chattanooga, Tennessee, from August, 2006, to October, 2008.

3

## QUALIFICATION OF PROFESSIONALS

4. Prior to representing Brantley Land & Timber Company, LLC ("Debtor") on matters in contemplation of the filing of this bankruptcy action, the undersigned **did not** perform legal services for Debtor. Connections[1], to the best of the knowledge of undersigned, with the following persons, parties or entities:

   a. The Debtor: None

   b. Receiver: The Receiver, Jerry Harper, is and was the CPA for a former client, Antonio Moran, Jr., Case No. 12-20685-JSD (S.D.Ga.) whose Chapter 7 bankruptcy case was filed by McCallar Law Firm in 2012, and who has received a discharge.

   c. Creditors of the Estate: None.

   d. Known or anticipated post-petition creditors of the estate: None.

   e. Equity Security Holders of the Debtor or of Affiliates of the Debtor: None.

   f. Officers and Directors of the Debtor: None.

   g. Parties that are insiders of the Debtor or that were insiders of the Debtor within 2 years before the date of the filing of the petition: None.

   h. Any investment banker for any outstanding security of the Debtor: None.

   i. The United States trustee: None, except as specifically set forth herein and through the course or regular interaction in bankruptcy cases filed in this district.

---

[1] For purposes of this Disclosure, unless otherwise defined by the court, the term "Connections" shall mean: any connection with a person or entity listed in this section that: (A) on or within two years of the filing of the petition, generated a material amount of income and/or transfers; (B) involved or was related to property of the estate with a material value; (C) involved a material business venture with the person or entity; or (D) involved working for the person or entity as a professional and generating a material amount of fees in the two years prior to the filing of the petition; (2) any connection with the court to which the employment application is being submitted; (3) any connection with the United States Trustee or any person employed in the Office of the United States Trustee; or (4) any other connection constituting a personal, professional, or business relationship that could reasonably be determined to be significant in its evaluation of whether a professional is qualified to be employed.

4

j.  Customers of the Debtor or vendors to the Debtor whose transactions with the debtor as of the petition date constitute a material portion of the debtor's business: None.

k.  Parties to executory contracts and unexpired leases:  None.

l.  Utility service providers:  None.

m.  Governmental units and officials and employees thereof:  None.

n.  Members of any committee appointed under 11 U.S.C § 1102 or otherwise subject to disclosure under Rule 2019:  None.

o.  Any identified potential asset purchasers:  None.

p.  Any professional employed by any of the above persons, parties or entities: None.

5.  The undersigned is eligible for employment in this case.  Tiffany E. Caron does not hold or represent an interest materially adverse to the estate, and is a disinterested person under 11 U.S.C. §327(a); *i.e.* he/she is not a creditor, an equity security holder, nor an insider; nor is he/she, nor has he/she been, a director, officer or an employee of the Debtor within two years of the filing of the petition. See 11 U.S.C. §101(14).

6.  Conflicts were checked prior to filing this case and affiant makes conflicts checks as a matter of course from initial interview through conclusion of the case and does not charge for this service.   Affiant performed a search of the Debtor's name and the names of its creditors and other parties in interest throughout its electronic databases which include all computer files and billing records going back for more than ten (10) years and all Connections arising from this search are specifically listed in this Affidavit.

7. The affiant has not agreed to share any compensation with any person or entity who or which is not also employed as counsel in this case or is authorized to be employed under Bankruptcy Rule 2014(b).

8. Brantley Land & Timber Company, LLC filed a Chapter 11 Bankruptcy Case on July 16, 2015, bearing Case No. 15-20584-JSD, pending in the Southern District of Georgia, Brunswick Division.

9. The Brantley Land & Timber Company, LLC case was filed to facilitate an orderly administration and/or liquidation of the Debtor's assets.

SERVICES TO BE RENDERED

10. Pursuant to an Engagement Agreement, the Debtor has requested that McCallar Law Firm render the following services in connection with the case:

a. advise the Debtor on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

b. prepare such administrative and procedural applications and motions as may be required for the sound conduct of the case;

c. prosecute and defend litigation that may arise during the course of the case;

d. consult with the Debtor concerning and participate in the formulation, negotiation, preparation and filing of a plan or plans of reorganization and disclosure statement(s) to accompany the plans);

e. review and object to claims;

f. analyze, recommend, prepare and bring any causes of action created under the Bankruptcy Code;

g. take all steps necessary and appropriate to bring the case to a conclusion; and

h.  perform the full range of services normally associated with matters such as this which the Firm is in a position to provide.

11. Affiant is not related, and to the best of my knowledge, no attorney at the firm is related, to any United States District Judge or United States Bankruptcy Judge in the Southern District of Georgia or to the United States Trustee for such district or any employee in the office thereof.

12. Subject to this Court's approval of the Application, McCallar Law Firm is willing to serve as the Debtor's counsel and to perform the services described above.

### DISINTERESTEDNESS OF AFFIANT

13. The proposed attorneys do not believe that any of the above circumstances arise to a conflict of interest, actual, perceived or otherwise, and they believe that they have no interest adverse to Brantley Land & Timber Company, LLC or its estate and that their employment would be in the best interest of the Debtor's estate.

14. The undersigned and his/her firm do not hold or represent an interest adverse to the interest of the Debtor's estate or the Debtor in Possession in the matters upon which he/she is engaged and is to be engaged and believes him/herself to be a disinterested person entitled to represent the Debtor/Debtor in Possession pursuant to 11 U.S.C. §327 and that further there is no actual conflict of interest.

15. To the best of the belief of the undersigned, the undersigned's "connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee", have been disclosed in this affidavit.

16. To the extent that "connections" not now known become known to affiant, affiant will make a best effort to get these "connections" disclosed by further amendment and reserve the right to file such amendments after the filing of the initial Application and Affidavit.

17. To the extent that Affiant has represented, represents or in the future will represent certain creditors of the Debtor and other parties-in-interest in matters unrelated to the Debtor, Debtor's reorganization case or such entity's claims against or interests in the Debtor, Affiant's representation of the said entities will not affect the firm's representation of the Debtor in this case.  Affiant does not presently represent the above entities in any matters adverse and/or related to the Debtor.

18. During the pendency of the chapter 11 case, McCallar Law Firm will not represent present or future clients of the firm on matters adverse to the Debtor in this Chapter 11 case.

19. In view of the foregoing, McCallar Law Firm is a "disinterested person" within the meaning of section 101 (14) of the Bankruptcy Code.

<u>PROFESSIONAL COMPENSATION</u>

20. The Engagement Agreement provided for a retainer of $138,130.16 (including the Chapter 11 filing fee of $1,717.00) for professional services rendered and to be rendered and charges and disbursements to McCallar Law Firm on behalf of the Debtor in connection with those services described in the Engagement Agreement plus a reserve of $25,000.00 to cover expenses related to the administration of this case.

21. Prior to the filing of this case, affiant received payment of a retainer in the amount of $138,130.16 (including the Chapter 11 filing fee of $1,717.00) plus a reserve of $25,000.00 to cover expenses.  This retainer payment was paid by Brantley Land &

Timber Company, LLC through its state court appointed Receiver, Jerry W. Harper. Prior to the filing of this case, McCallar Law Firm was paid $45,764.81 during the year prior to filing from the retainer set forth above for work performed in preparation for this bankruptcy filing.  $92,365.35 plus the $25,000 expense reserve remain on hand and are being held in affiant's IOLTA account to apply to future invoices, as and when approved by the Court.  Affiant **has not** taken any security for payment of attorney fees or expenses.

22. Pursuant to the Engagement Agreement, Affiant shall provide the Debtor with periodic statements for services rendered and charges and disbursements incurred. During the course of the reorganization case, the issuance of periodic statements shall constitute a request for an interim payment against the reasonable fee to be determined by the Court.

23. For professional services, Affiant's fees are based in part on its hourly rates which are periodically adjusted.  Affiant will be providing professional services to the Debtor under its rate schedule.  As of January 1, 2015, the hourly rates range from $250.00 per hour to $375.00 per hour for Tiffany E. Caron, $350.00 per hour to $450.00 per hour for C. James McCallar, Jr., $200.00 per hour for L. Rachel Wilson, and $50.00 to $125.00 per hour for legal assistants, paralegals and support staff.  The hourly rates set forth above are subject to periodic increases in the normal course of the firm's business, often due to the increased experience of a particular professional.

24. McCallar Law Firm intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in the chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and the orders of this Court.

9

25. McCallar Law Firm will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

26. McCallar Law Firm has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

27. Other than as set forth above, no arrangement is proposed between the Debtor and McCallar Law Firm for compensation to be paid in this case.

This 16th day of July, 2015.

_____
Tiffany E. Caron
Georgia Bar Number 745089

Sworn to and subscribed before me

this 16th day of July, 2015.

_____
Notary Public

**JENNIFER C. REYNOLDS**
**Notary Public, Chatham County GA**
**My Commission Expires Feb. 28, 2017**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **BRANTLEY LAND & TIMBER COMPANY, LLC,** | § | **Case No. 15-20584-JSD** |
| | § | |
| **Debtor.** | § | |

### AFFIDAVIT OF ATTORNEY
### PURSUANT TO 11 U.S.C. § 327 AND BANKRUPTCY RULES 2014

Before the undersigned Notary Public came and appeared L. Rachel Wilson, who under oath, deposes and says as follows:

This Affidavit is filed to pursuant to Bankruptcy Rule 2014(a) – a verified statement of the person to be employed setting forth the person's "connections" with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.   This statement is made to the best of the affiant's knowledge, information and belief, and formed after an inquiry reasonable under the circumstances.

1. The undersigned is an attorney and counselor at law duly admitted to practice before all courts of the States of Georgia and South Carolina, and the United States District Courts for the Southern District of Georgia;

2. The undersigned practices law in Savannah, Georgia, at 115 West Oglethorpe Avenue and has been licensed to practice in Georgia since November, 2011 and in South Carolina since May 2012;

3. The undersigned has practiced at McCallar Law Firm since January of 2014 and previously practiced at Weiner, Shearouse, Weitz, Greenberg, and Shawe, LLP from August of 2011 through December of 2013.

3

QUALIFICATION OF PROFESSIONALS

4. Prior to representing Brantley Land & Timber Company, LLC ("Debtor") on matters in contemplation of the filing of this bankruptcy action, the undersigned **did not** perform legal services for Debtor.  Connections[1], to the best of the knowledge of undersigned, with the following persons, parties or entities:

   a. The Debtor:  None

   b. Receiver:  The Receiver, Jerry Harper, is and was the CPA for a former client, Antonio Moran, Jr., Case No. 12-20685-JSD (S.D.Ga.) whose Chapter 7 bankruptcy case was filed by McCallar Law Firm in 2012, and who has received a discharge.

   c. Creditors of the Estate:  None.

   d. Known or anticipated post-petition creditors of the estate:  None.

   e. Equity Security Holders of the Debtor or of Affiliates of the Debtor:  None.

   f. Officers and Directors of the Debtor:  None.

   g. Parties that are insiders of the Debtor or that were insiders of the Debtor within 2 years before the date of the filing of the petition:  None.

   h. Any investment banker for any outstanding security of the Debtor:  None.

---

[1] For purposes of this Disclosure, unless otherwise defined by the court, the term "Connections" shall mean: any connection with a person or entity listed in this section that:  (A) on or within two years of the filing of the petition, generated a material amount of income and/or transfers; (B) involved or was related to property of the estate with a material value; (C) involved a material business venture with the person or entity; or (D) involved working for the person or entity as a professional and generating a material amount of fees in the two years prior to the filing of the petition; (2) any connection with the court to which the employment application is being submitted; (3) any connection with the United States Trustee or any person employed in the Office of the United States Trustee; or (4) any other connection constituting a personal, professional, or business relationship that could reasonably be determined to be significant in its evaluation of whether a professional is qualified to be employed.

4

    i.   The United States trustee: None, except as specifically set forth herein and through the course or regular interaction in bankruptcy cases filed in this district.

    j.   Customers of the Debtor or vendors to the Debtor whose transactions with the debtor as of the petition date constitute a material portion of the debtor's business: None.

    k.   Parties to executory contracts and unexpired leases: None.

    l.   Utility service providers: None.

    m.  Governmental units and officials and employees thereof: None.

    n.   Members of any committee appointed under 11 U.S.C § 1102 or otherwise subject to disclosure under Rule 2019: None.

    o.   Any identified potential asset purchasers: None.

    p.   Any professional employed by any of the above persons, parties or entities: None.

5. The undersigned is eligible for employment in this case. L. Rachel Wilson does not hold or represent an interest materially adverse to the estate, and is a disinterested person under 11 U.S.C. §327(a); *i.e.* he/she is not a creditor, an equity security holder, nor an insider; nor is he/she, nor has he/she been, a director, officer or an employee of the Debtor within two years of the filing of the petition. See 11 U.S.C. §101(14).

6. Conflicts were checked prior to filing this case and affiant makes conflicts checks as a matter of course from initial interview through conclusion of the case and does not charge for this service.   Affiant performed a search of the Debtor's name and the names of its creditors and other parties in interest throughout its electronic databases which include all computer files and billing records going back for more than ten (10) years and all Connections arising from this search are specifically listed in this Affidavit.

7. The affiant has not agreed to share any compensation with any person or entity who or which is not also employed as counsel in this case or is authorized to be employed under Bankruptcy Rule 2014(b).

8. Brantley Land & Timber Company, LLC filed a Chapter 11 Bankruptcy Case on July 16, 2015, bearing Case No. 15-20584-JSD, pending in the Southern District of Georgia, Brunswick Division.

9. The Brantley Land & Timber Company, LLC case was filed to facilitate an orderly administration and/or liquidation of the Debtor's assets.

SERVICES TO BE RENDERED

1. Pursuant to an Engagement Agreement, the Debtor has requested that McCallar Law Firm render the following services in connection with the case:

   a. advise the Debtor on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

   b. prepare such administrative and procedural applications and motions as may be required for the sound conduct of the case;

   c. prosecute and defend litigation that may arise during the course of the case;

   d. consult with the Debtor concerning and participate in the formulation, negotiation, preparation and filing of a plan or plans of reorganization and disclosure statement(s) to accompany the plans);

   e. review and object to claims;

   f. analyze, recommend, prepare and bring any causes of action created under the Bankruptcy Code;

   g. take all steps necessary and appropriate to bring the case to a conclusion; and

6

    h.  perform the full range of services normally associated with matters such as this which the Firm is in a position to provide.

2.  Affiant is not related, and to the best of my knowledge, no attorney at the firm is related, to any United States District Judge or United States Bankruptcy Judge in the Southern District of Georgia or to the United States Trustee for such district or any employee in the office thereof.

3.  Subject to this Court's approval of the Application, McCallar Law Firm is willing to serve as the Debtor's counsel and to perform the services described above.

## DISINTERESTEDNESS OF AFFIANT

4.  The proposed attorneys do not believe that any of the above circumstances arise to a conflict of interest, actual, perceived or otherwise, and they believe that they have no interest adverse to Brantley Land & Timber Company, LLC or its estate and that their employment would be in the best interest of the Debtor's estate.

5.  The undersigned and his/her firm do not hold or represent an interest adverse to the interest of the Debtor's estate or the Debtor in Possession in the matters upon which he/she is engaged and is to be engaged and believes him/herself to be a disinterested person entitled to represent the Debtor/Debtor in Possession pursuant to 11 U.S.C. §327 and that further there is no actual conflict of interest.

6.  To the best of the belief of the undersigned, the undersigned's "connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee", have been disclosed in this affidavit.

7

7. To the extent that "connections" not now known become known to affiant, affiant will make a best effort to get these "connections" disclosed by further amendment and reserve the right to file such amendments after the filing of the initial Application and Affidavit.

8. To the extent that Affiant has represented, represents or in the future will represent certain creditors of the Debtor and other parties-in-interest in matters unrelated to the Debtor, Debtor's reorganization case or such entity's claims against or interests in the Debtor, Affiant's representation of the said entities will not affect the firm's representation of the Debtor in this case.  Affiant does not presently represent the above entities in any matters adverse and/or related to the Debtor.

9. During the pendency of the chapter 11 case, McCallar Law Firm will not represent present or future clients of the firm on matters adverse to the Debtor in this Chapter 11 case.

10. In view of the foregoing, McCallar Law Firm is a "disinterested person" within the meaning of section 101 (14) of the Bankruptcy Code.

<u>PROFESSIONAL COMPENSATION</u>

11. The Engagement Agreement provided for a retainer of $138,130.16 (including the Chapter 11 filing fee of $1,717.00) for professional services rendered and to be rendered and charges and disbursements to McCallar Law Firm on behalf of the Debtor in connection with those services described in the Engagement Agreement plus a reserve of $25,000.00 to cover expenses related to the administration of this case.

12. Prior to the filing of this case, affiant received payment of a retainer in the amount of $138,130.16 (including the Chapter 11 filing fee of $1,717.00) plus a reserve of $25,000.00 to cover expenses.  This retainer payment was paid by Brantley Land & Timber Company, LLC through its state court appointed Receiver, Jerry W. Harper.

8

Prior to the filing of this case, McCallar Law Firm was paid $45,764.81 during the year prior to filing from the retainer set forth above for work performed in preparation for this bankruptcy filing. $92,365.35 plus the $25,000 expense reserve remain on hand and are being held in affiant's IOLTA account to apply to future invoices, as and when approved by the Court. Affiant **has not** taken any security for payment of attorney fees or expenses.

13. Pursuant to the Engagement Agreement, Affiant shall provide the Debtor with periodic statements for services rendered and charges and disbursements incurred. During the course of the reorganization case, the issuance of periodic statements shall constitute a request for an interim payment against the reasonable fee to be determined by the Court.

14. For professional services, Affiant's fees are based in part on its hourly rates which are periodically adjusted. Affiant will be providing professional services to the Debtor under its rate schedule. As of January 1, 2015, the hourly rates range from $250.00 per hour to $375.00 per hour for Tiffany E. Caron, $350.00 per hour to $450.00 per hour for C. James McCallar, Jr., $200.00 per hour for L. Rachel Wilson, and $50.00 to $125.00 per hour for legal assistants, paralegals and support staff. The hourly rates set forth above are subject to periodic increases in the normal course of the firm's business, often due to the increased experience of a particular professional.

15. McCallar Law Firm intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in the chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and the orders of this Court.

16. McCallar Law Firm will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

17. McCallar Law Firm has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

18. Other than as set forth above, no arrangement is proposed between the Debtor and McCallar Law Firm for compensation to be paid in this case.

This 16th day of July, 2015.

L. Rachel Wilson
Georgia Bar Number 977499

Sworn to and subscribed before me

this 16th day of July, 2015.

_____
Notary Public

**TIFFANY CARON**
Notary Public, Chatham County GA
My Commission Expires March 17, 2017

10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

In re:                                          §
                                                §        Chapter 11
BRANTLEY LAND & TIMBER COMPANY, LLC,            §        Case No. 15-20584-JSD
                                                §
Debtor.                                         §

CERTIFICATE OF SERVICE

I, C. James McCallar, Jr., do hereby certify that I have this date served the foregoing

Application to Employ Counsel upon the following by depositing a copy of the same in the

United States mail with proper postage affixed or by electronic service through the Court's ECF

filing system:

> Office of the U S Trustee
> Johnson Square Business Center
> 2 E Bryan St, Ste. 725
> Savannah, GA 31401

> And

> All parties receiving notice electronically through the Court's ECF Filing System.

> This 16th day of July, 2015.

MCCALLAR LAW FIRM

By:   /s/ C. James McCallar, Jr.
C. James McCallar, Jr.
Georgia Bar Number 481400
Tiffany E. Caron
Georgia Bar Number 745089
Attorneys for Debtor

Post Office Box 9026
Savannah, GA 31412
Tel:    (912) 234-1215
Fax:    (912) 236-7549
mccallar@mccallarlawfirm.com

11